UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

THE ACCESSORY CORPORATION,


                              Plaintiff,                    **MEMORANDUM AND ORDER**

              - against -                                    05 Civ. 2185 (NRB)


SPOTLESS PLASTICS PTY. LTD. and
SPOTLESS ENTERPRISES, INC.,


                              Defendants.

----------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

        Plaintiff The Accessory Corporation ("Plaintiff"), a New
York company and the assignee of United States Patent No.
6,474,517, which relates to a clamp used for garment hangers
(the "Clamp Patent"), brings this patent infringement action
against defendants Spotless Plastics Pty. Ltd., an Australian
corporation organized under the laws of Victoria, Australia
("Spotless Australia"), and Spotless Enterprises, Inc., a
corporation organized under the laws of the State of New York
("Spotless New York").  Plaintiff alleges that defendants
infringed the Clamp Patent when they sold garment hangers to
customers in the United States, including in New York.
Defendant Spotless Australia now moves to be dismissed from the
action for lack of personal jurisdiction, pursuant to Federal

Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)"), and for "insufficiency of service of process" pursuant to Federal Rule of Civil Procedure 12(b)(4), which we construe as a motion under Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)").[1] Plaintiff requests jurisdictional discovery into the corporate relationship between Spotless Australia and Spotless New York, should the Court find jurisdiction to be lacking, and cross-moves for an extension of time to re-serve Spotless Australia under Federal Rule of Civil Procedure 4(m), should the Court find its prior service of Spotless Australia to have been insufficient.    For the reasons set forth below, we grant Spotless Australia's motions, deny both plaintiff's request for discovery and its cross motion, and, accordingly, dismiss Spotless Australia from this case.

## BACKGROUND

Plaintiff originally filed its complaint before Judge Richard C. Casey in the Southern District of New York on February 16, 2005, naming only Spotless Australia as a defendant (the "SDNY Action").  Plaintiff then attempted to effect service on Spotless Australia on April 13, 2005 by serving the New York

---

[1] Challenges to the method of service, rather than to the papers served, are properly raised under Federal Rule of Civil Procedure 12(b)(5).  See 2 James Wm. Moore et al., Moore's Federal Practice 12.33[1] (3d ed. 2006) ("Rule 12(b)(4) challenges the form of process and Rule 12(b)(5) challenges the method of serving process on the persons sued") (emphasis in original).

Secretary of State.[2]   Shortly thereafter, on April 21, 2005, Spotless New York initiated an action against plaintiff in the Eastern District of New York, seeking a declaratory judgment regarding, inter alia, the validity of the Clamp Patent (the "EDNY Action").

Approximately one week later, on April 29, 2005, plaintiff amended its complaint in the SDNY Action to add Spotless New York as a defendant.[3]   On the same day, plaintiff filed a third-party complaint against Spotless Australia in the EDNY Action and filed a motion to dismiss the EDNY Action or, in the alternative, to transfer that action to the Southern District of New York.   As the EDNY Action proceeded, Spotless New York moved to dismiss plaintiff's complaint in the SDNY Action on the grounds that litigation involving the proper parties was first filed in the EDNY Action and that plaintiff's claims in the SDNY Action were compulsory counterclaims in the EDNY Action.   In the alternative, Spotless New York sought either to stay the SDNY

---

[2]   See Declaration of Frank S. DiGiglio, dated May 27, 2005 ("DiGiglio Decl."), Ex. B (Affidavit of Service dated April 13, 2005). On March 23, 2005, plaintiff also forwarded a copy of the pleadings to Spotless Australia's attorneys, requesting that they accept service on Spotless Australia's behalf, but Spotless Australia's attorneys refused to do so. See Declaration of Joel S. Schneck, dated June 21, 2005 ("Schneck Decl.") Ex. A, (Letter from Robert L. Rimberg to Frank S. DiGiglio, dated March 23, 2005); Schneck Decl., Ex. C (Letter from Frank S. DiGiglio to Robert L. Rimberg, Esq., dated April 20, 2005).

[3]   Plaintiff served the amended complaint on Spotless Australia by serving the New York Secretary of State on May 3, 2005. See Schneck Decl., Ex. D (Affidavit of Service, dated May 3, 2005).

Action or to transfer that case to the Eastern District of New York. On July 15, 2005, in the EDNY Action, Spotless Australia filed the present motions to dismiss.

On February 16, 2006, Judge Arthur D. Spatt transferred the EDNY Action to the Southern District of New York. See Spotless New York Inc. v. The Accessory Corp., 415 F.Supp.2d 203 (E.D.N.Y. 2006). The EDNY Action, once transferred, was assigned to Judge Casey's docket as related to the SDNY Action. In a Memorandum and Order dated March 21, 2007, Judge Casey denied Spotless New York's motion to dismiss the SDNY Action or, in the alternative, to have it transferred to the Eastern District, and also denied plaintiff's cross-motion to stay the EDNY Action. See Accessory Corp. v. Spotless Australia Pty. Ltd., No. 05 Civ. 2185 (RCC), 06 Civ. 1583 (RCC), 2007 WL 895418 (S.D.N.Y. Mar. 21, 2007). Shortly thereafter, Judge Casey, who had served as a federal judge for nearly ten years, passed away. Following his passing, both the SDNY Action and the EDNY Action were transferred to my docket. Still pending in those cases were Spotless Australia's motions to dismiss for lack of personal jurisdiction and for insufficient service of process. I now consider those motions.

## DISCUSSION

### A.  Personal Jurisdiction

#### 1.   Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff bears the burden of showing that jurisdiction exists over the defendant.  See Distefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001) (citing Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999)).  Prior to discovery, the plaintiff must only make a prima facie showing of jurisdiction to defeat a motion to dismiss.  See Bank Brussels Lambert, 171 F.3d at 784; see also Pilates, Inc. v. Pilates Institute, Inc., 891 F. Supp. 175, 178 n.2 (S.D.N.Y. 1995) ("Because [a] Rule 12(b)(2) motion is inherently a matter requiring the resolution of factual issues outside of the pleadings . . . all pertinent documentation submitted by the parties may be considered in deciding the motion.") (quoting John Hancock Prop. and Cas. Ins. Co. v. Universal Reinsurance Co., Ltd., No. 91 Civ. 3644 (CES), 1992 WL 26765, at *6 (S.D.N.Y. Feb. 5, 1992)) (quotations omitted). When considering a Rule 12(b)(2) motion, the court must construe all allegations in the light most favorable to the plaintiff and must resolve all doubts in plaintiff's favor "notwithstanding a controverting presentation by the moving party."  A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993)

(citing <u>Hoffritz for Cutlery, Inc. v. Amajac, Ltd.</u>, 763 F.2d 55, 57 (2d Cir. 1985)).  However, where a defendant "rebuts [the] plaintiff['s] unsupported allegations with direct, highly specific, testimonial evidence regarding a fact [or facts] essential to jurisdiction . . . and [where] plaintiff[] do[es] not counter that evidence . . . the allegation[s] may be deemed refuted."  <u>Schenker v. Assicurazioni Genereali S.p.A., Consol.</u>, No. 98 Civ. 9186 (MBM), 2002 WL 1560788, at *3 (S.D.N.Y. July 15, 2002) (citations omitted); <u>see</u> <u>also</u> <u>Berwick v. New World Network Intern., Ltd.</u>, No. 06 Civ. 2641 (JGK), 2007 WL 949767, at *1 (S.D.N.Y. Mar. 28, 2007); <u>GCG Int'l, Inc. v. Eberhardt</u>, 05 Civ. 2422, 2005 WL 2647942, at *2 (S.D.N.Y. Oct. 17, 2005).

To determine whether this Court may properly exercise jurisdiction over Spotless Australia, we must examine whether personal jurisdiction is appropriate under New York law.[4]  <u>See Bensusan Rest. Corp. v. King</u>, 126 F.3d 25, 27 (2d Cir. 1997) (citing <u>PDK Labs, Inc.</u>, 103 F.3d at 1108).  Plaintiff asserts that personal jurisdiction over Spotless Australia exists under

_____

[4] "In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules". <u>Sunward Electronics, Inc. v. McDonald</u>, 362 F.3d 17, 22 (2d Cir. 2004) (citing <u>PDK Labs., Inc. v. Friedlander</u>, 103 F.3d 1105, 1108 (2d Cir. 1997)).  Since we find that Spotless Australia is not subject to this Court's personal jurisdiction under New York law, we need not consider the second, constitutional prong of the personal jurisdiction inquiry.

section 301, the "general jurisdiction" provision, of the New York long-arm statute ("Section 301").[5]

Under Section 301, a foreign corporation is subject to personal jurisdiction in all suits in New York courts, if it has engaged in such a continuous and systematic course of doing business in the state that a finding of its "presence" in this jurisdiction is warranted.[6]  Landoil Resource Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (citations omitted).   In applying Section 301, courts have recognized that a corporation's "presence" cannot be fleeting or temporary.  Rather, the court must be able to say from the facts that the corporation is present in the State "not occasionally or casually, but with a fair measure of permanence and continuity."  Id. (quoting Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267 (1917)).  In assessing a defendant's presence in the state, the New York courts have generally focused on four factors:  the existence of a New York office; the solicitation of business in New York; the presence of bank accounts and other property in New York; and the presence of employees in New York. Landoil, 918 F.2d at 1043.

_____

[5] At an initial conference in this case, plaintiff confirmed that it seeks to establish personal jurisdiction over Spotless Australia pursuant to N.Y. C.P.L.R. § 301.

[6] N.Y. C.P.L.R. § 301 provides, in relevant part, that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore."

### 2.   Analysis

In its papers, plaintiff argues that Spotless Australia, which it refers to as "Plastiform", is subject to personal jurisdiction before this Court because it:  (1) "used, sold or offered to sell . . . hangers that infringe on . . . the Clamp Patent . . . in [New York]";[7] (2) has a website which can be accessed in New York; (3) claims on that website to have an office in New York; (4) has used the New York courts on multiple occasions to prosecute patent litigation and to assert counterclaims; (5) has purchased approximates 20 patents from New York entities during the past ten years; (6) was part of a settlement of a previous action by plaintiff for patent infringement, which was pending in the Southern District of New York; and (7) is the holding company for patents issued in the United States that it licenses to Spotless New York.[8]  Plaintiff claims that this "totality of . . . contacts" with New York makes Spotless Australia subject to this Court's jurisdiction under Section 301.[9]

---

[7] Amended Complaint, dated April 29, 2005 ("Am. Compl.") at 3.

[8] Plaintiff's Memorandum of Law in Opposition to Spotless Australia's Motions to Dismiss, dated June 20, 2005 ("Opposition") at 2-4.

[9] Id.   Throughout its papers, plaintiff refers to Spotless Australia as "Plastiform" and treats Plastiform, Spotless Australia and Spotless Group as interchangeable entities.   Spotless Australia affirms, however, and plaintiff offers no facts to rebut this statement in its Opposition, that the aforementioned companies are separate entities.   In its Reply Brief, for instance, Spotless

In its papers, Spotless Australia rebuts many of the foregoing facts and suggests that plaintiff has mistakenly attributed to Spotless Australia facts that are only true about Spotless New York.[10]   In a sworn affidavit, Charles Kelly ("Kelly"), an officer of Spotless New York, states that, although Spotless New York manufactures and sells hangers in the United States, Spotless Australia does not make or sell any products in the United States.[11]   Kelly further states that, although Spotless Australia and Spotless New York are from the same corporate family and have one corporate officer in common,[12] one does not control or primarily benefit from the efforts of the other.   Specifically, Kelly affirms that Spotless Australia keeps separate financial statements and reports from Spotless New York; that Spotless Australia does not control any

_____

Australia states:  "Plaintiff has misidentified the parties in respect to which it argues a basis for jurisdiction.   The present issue is whether the Court has personal jurisdiction over Spotless [Australia] an Australian company which does not manufacture or sell the hanger products presently the subject of the Complaint.   The Plaintiff states '**Plastiform** has a website which can be used in New York'.   This is correct except that 'Plastiform' is a division of **Spotless Enterprises, Inc. NOT Spotless [Australia]** and www.spotless.com referenced by the Plaintiff is actually the website of Spotless Group, Ltd., the **grandparent** of Spotless Australia."   Reply Memorandum of Law, dated July 15, 2005. (emphasis in original).

[10]  See supra note 9.

[11]  Affidavit of Charles Kelly, dated May 26, 2005 ("Kelly Aff.") at 1-2.  See supra note 9.

[12]  Kelly explains that Spotless New York is a wholly owned subsidiary of Spotless USA which, in turn, is a wholly owed subsidiary of Spotless Australia.  Id.

operational policies of Spotless New York; that the two companies maintain separate marketing and sales teams; and that Spotless Australia's customers contact it directly, i.e., not through Spotless New York.[13]   In a sworn declaration, Seth Weinfeld ("Weinfeld"), an attorney for Spotless Australia, states that the website referred to by plaintiff belongs to Spotless New York, not Spotless Australia, and that Spotless Australia does not have a website.[14]   Weinfeld further states that Spotless Australia does not have an office in New York and does not have a registered address with the New York Secretary of State.[15]

Spotless Australia also contends that the contacts alleged by plaintiff, even if accurate, would not be sufficient to establish personal jurisdiction under Section 301.   Spotless Australia argues that, even if it had a website accessible in New York, this would not suffice; that purchasing patents from New York entities does not establish a "presence" in New York; and, finally, that Spotless Australia's occasional use of New York courts and its one-time settlement in the Southern District

---

[13] Id.

[14] Declaration of Seth Weinfeld, dated July 15, 2005 ("Weinfeld Decl.") at 1-3.   Weinfeld states that Plasti-form, which plaintiff treats in its papers as equivalent to Spotless Australia, and which owns the website www.plasti-form.com to which plaintiff refers in its papers, is a division of Spotless New York and not of Spotless Australia.   Id.

[15] Id.

of New York do not establish systematic and continuous contacts with the state.

Having reviewed the parties' arguments and the pertinent case law, we hold that plaintiff has failed to state a <u>prima facie</u> case for personal jurisdiction under Section 301. Although plaintiff alleges in its amended complaint that Spotless Australia sold hangers in New York and that Spotless Australia has a website accessible in New York on which it claims to have an office in New York, Spotless Australia affirms that none of this is true, explaining that plaintiff has confused Spotless Australia with Spotless New York, and plaintiff has not offered any facts to rebut Spotless Australia's affirmations regarding its corporate structure.

Moreover, plaintiff's allegations, even if true, are not sufficient to subject Spotless Australia to general jurisdiction under Section 301. The mere maintenance of a passive website does not create a sufficient "presence" in New York, and plaintiff provides no basis for concluding that the website in question, even if it belonged to Spotless Australia, provided anything more than a means for obtaining information about the company. <u>See</u> <u>e.g.</u> <u>Rodriguez v. Circus-Circus Casinos, Inc.</u>, No. 00 Civ. 6559 (GEL), 2001 WL 21244, at *1 (S.D.N.Y., Jan. 9, 2001) (firm does not do business in New York simply because New York citizens can contact the firm via the worldwide web)

(citing <u>Cornell v. Assicurazioni Generale, Consol.</u>, No. 97 Civ. 2262, 98 Civ. 9186, 2002 WL 284222, at *2 (S.D.N.Y. Mar. 16, 2000); <u>see also</u> <u>Hearst Corp. v. Goldberger</u>, No. 96 Civ. 3620, 1997 WL 97097, at *8 (S.D.N.Y. Feb. 26, 1997).   As well, plaintiff cites no authority for its proposition that the sporadic use of New York courts establishes systematic and continuous contacts with this jurisdiction.   <u>Cf.</u> <u>Falik v. Smith</u>, 884 F.Supp. 862, 866 (S.D.N.Y. 1995) (defendant's signing of an agreement to indemnify parties for legal fees for a case in the Southern District of New York did not constitute "doing business" under Section 301),[16] and limited business contacts, such as the prior purchase of patents from New York entities, are not sufficient to establish systematic and continuous contacts with the state.   <u>Arbitron Co. v. E.W. Scripps, Inc.</u>, 559 F.Supp. 400, 403 (S.D.N.Y. 1983) ("[t]he mere fact that a defendant purchases goods or services from New York does not mean that it is doing business here") (citation omitted); <u>Golden Gulf Corporation v. Jordache Enterprises, Inc.</u>, No. 91 Civ. 8506 (LAP), 1994 WL 62384, at *4 (S.D.N.Y. Feb. 24, 1994); <u>Weinstock v. Lesport</u>, 194 A.D.2d 400, 598 N.Y.S.2d 511 (1st Dep't 1993).

---

[16] This case is clearly distinguishable from <u>Matter of Sayeh R.</u>, 91 N.Y.2d 306, 670 N.Y.S.2d 377 (1997), where the defendant not only used the state's courts regarding matters at issue in the case, but also relied on the state's police to enforce prior legal judgments.

We further note that, although Spotless Australia clearly has a business relationship with Spotless New York, given that Spotless Australia is the grandparent corporation of that company, such a relationship does not subject a foreign corporation to personal jurisdiction in New York absent evidence that it controls the local company or that the local company is merely one of its departments. See generally N.Y. C.P.L.R. § 302; Landoil, 918 F.2d at 1046; Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117, 121 (2d Cir. 1984). Plaintiff has offered no basis for suggesting that Spotless New York is controlled by or is a department of Spotless Australia, and Spotless Australia affirms to the contrary.[17]  As such, plaintiff has not made a prima facie showing that Spotless Australia has such systematic and continuous contacts with New York that it may fairly be considered to have a "presence" in this state for the purposes of Section 301, and we dismiss Spotless Australia from the case pursuant to Rule 12(b)(2).

---

[17] Accordingly, there is no reasonable basis for ordering discovery, as requested by plaintiff, into the business relationship between Spotless Australia and Spotless New York. Richtone Design Group L.L.C. v. Classical Pilates, Inc., No. 06 Civ. 0547 (NRB), 2006 WL 2588135, at *4 (S.D.N.Y. Aug. 21, 2006) (citing Allojet PLC v. Vantage Associates, No. 04 Civ. 05223 (SAS), 2005 WL 612848, at *7 (S.D.N.Y. Mar. 15, 2005) (collecting cases)).

13

**B.  Service of Process**

Given our holding that this Court lacks personal jurisdiction over Spotless Australia, we need not address Spotless Australia's motion to dismiss for improper service of process.  Nevertheless, we further hold that plaintiff did not properly serve Spotless Australia and, thus, dismiss Spotless Australia from the case under Rule 12(b)(5) as well.

Plaintiff states, without argument, that it properly served Spotless Australia pursuant to Section 307 of New York Business Law ("Section 307"), but that law only provides for service of foreign corporations that are "doing business" in New York as defined by Section 301.  Darby v. Compagnie Nationale Air France, 769 F.Supp. 1255, 1263 (S.D.N.Y. 1991) ("Once the predicate for general jurisdiction for a foreign corporation not authorized to do business in New York has been established, [Section 307] prescribes the method for effecting service of process") (granting motion to dismiss where plaintiff served Secretary of State but failed to serve Affidavit of Compliance).  Given our holding supra, Spotless Australia is not subject to service under Section 307.

As more than two years have passed since Spotless Australia filed its motion to dismiss based on insufficient service, without any indication that plaintiff has properly served Spotless Australia, and since plaintiff has not offered any

14

basis for concluding that it had good cause for failing to properly serve Spotless Australia, we dismiss Spotless Australia from the case pursuant to Rule 12(b)(5). See Bey v. U.S. Postal Service, No. 03 Civ. 4081 (LAP) 2005 WL 2923516, at *2 (S.D.N.Y. Nov. 4, 2005) (citing cases) ("it is well settled that an attorney's inadvertence, neglect, mistake or misplaced reliance does not suffice to establish good cause for failure to make proper service within 120 days") (citing ATSI Communications, Inc. v. Shaar Fund, Ltd., 222 F.R.D. 79, 80 (S.D.N.Y. 2004)).

## CONCLUSION

For the foregoing reasons, defendant Spotless Australia's motions to dismiss for lack of personal jurisdiction and for insufficiency of service of process are granted and, accordingly, plaintiff's requests for jurisdictional discovery and for an extension of time to serve Spotless Australia are denied. Spotless Australia is dismissed from the case.

**IT IS SO ORDERED.**

Dated:     New York, New York
           September 6, 2007

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

15

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Counsel for Plaintiff

Robert L. Rimberg, Esq.
Goldberg Rimberg & Friedlander, PLLC
115 Broadway, 3rd Floor
New York, NY 10006

Counsel for Defendants

Frank S. DiGiglio, Esq.
Scully, Scott, Murphy & Presser, P.C.
400 Garden City Plaza, Suite 300
Garden City, NY 11530